**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JEANINE L. JACKSON,**

        **Plaintiff,**

v.                                    Case No. 08-C-161

**CITY OF MILWAUKEE,**
**ALDERMAN WILLIE CORNELIUS WADE,**
**UNITED MIGRANT OPPORTUNITY SERVICES a/k/a UMOS,**
**MONTREAL WADE,**
**ZATOCREE T. FLETCHER DAVIS,**
**BARBARA MANN,**
**ANGELA PERRY THOMPSON,**
**CLESHETE NASH,**
**SHIMONA SEABROOKS,**
**MARIO REED,**
**BESSIE GROSS,**
**LAURIE MOSS,**
**QUINTELLA PIPPEN,**
**and PAULA LAMPLEY,**

        **Defendants.**

## DECISION AND ORDER

On February 21, 2008, pro se Plaintiff Jeanine L. Jackson ("Jackson") commenced this action. Her original complaint presents five causes of action.

On May 27, 2008, Jackson filed a motion to amend her complaint and an amended complaint. By her amended complaint, she names as Defendants, the City of Milwaukee ("Milwaukee"), Alderman Willie Cornelius Wade ("Wade"), the United Migrant Opportunity Services a/k/a UMOS ("UMOS"), Montreal Wade ("M. Wade"), Zatocree T.

Fletcher Davis ("Davis"), Barbara Mann ("Mann"), Angela Perry Thompson ("Thompson"), Cleshete Nash ("Nash"), Shimona Seabrooks ("Seabrooks"), Mario Reed ("Reed"), Bessie Gross ("Gross"), Laurie Moss ("Moss"), Quintella Pippen ("Pippen"), and Paula Lampley ("Lampley") (collectively the "Defendants"). Her amended complaint identifies four causes of action.

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend his or her complaint once as a matter of course prior to the service of a responsive pleading. None of the Defendants have appeared in this action and no responsive pleading has been served. Consequently, Jackson may amend her complaint as a matter of course and she need not have filed a motion to amend. Therefore, Jackson's motion to amend is denied as moot.

Jackson also seeks an extension of time to serve the summons and complaint upon the Defendants. Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*See also*, *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006). A plaintiff has the burden of establishing good cause for failing to obtain timely service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). When good cause is shown, the Court has no choice to extend the time for service, and the inquiry ends. *See id.*

Although the court of appeals for this circuit has not established specific criteria for demonstrating "good cause" for a delay in service, it has provided some guidance. "A plaintiff's attempts at service need be 'at the very least . . . accompanied by some showing of reasonable diligence' before good cause must be found." *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (quoting *Tso v. Delaney*, 969 F.2d 373, 377 (7th Cir. 1992)). Good cause means a valid reason for delay, such as the defendant's evading service. *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Moreover, the Seventh Circuit has held that substantial extenuating factors are needed to constitute good cause. *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990) (citing "sudden illness or natural disaster" as examples).

The "plaintiff who fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *McLaughlin*, 470 F.3d at 700. The rule specifies no criteria for the exercise of mercy. *Id*. When delay in service causes zero prejudice to the defendant or third parties (or the Court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion. *See Id*. at 701(citing *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004); *Coleman*, 290 F.3d at 934).

By this Court's calculation, 120 days from the filing of the complaint is June 23, 2008.[1] Jackson has until the end of June 23, 2008, to effect service of the summons and

---

[1] Rule 6 of the Federal Rules of Federal Procedure addresses the computation of time. Rule 6(a)(1) provides that the day on which a period of time begins is excluded. As relevant to service of the summons and complaint, Rule 6(a)(2) provides that the last day of a period of time is included unless the day is a Saturday, Sunday, or legal holiday, and, that when the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday or legal holiday. Thus, the 120-day period began running on February 22, 2008. Adding 120 days to that date brings

complaint. On June 16, 2008, Jackson filed an executed return of service for Milwaukee and Wade. It is possible that Jackson may serve additional defendants within the next several days. But, she have difficulty serving all the remaining defendants within the few days that remain of the 120-day period.

In seeking the extension of time, Jackson states only that "her father recently passed away, and she had to assist in some of the finances of the funeral, which caused her to just . . . start the service of process on the named defendants in this case." (Mot. Extension Time.) The death of a parent and the associated responsibilities could certainly constitute good cause. However, absent additional facts indicating that previously Jackson acted with reasonable diligence, the Court cannot conclude that Jackson has made a showing of "good cause" for her failure to serve the Defendants to date.

Nonetheless, in the exercise of its discretion, the Court grants Jackson additional time to effect service of the summons and complaint upon the Defendants. Jackson is representing herself, there is no indication the Defendants will be prejudiced by the delay in service, and Jackson has acted diligently in anticipating the problem and filing her motion seeking additional time for service. The Court grants an extension through July 28, 2008, for Jackson to effect service of the summons and complaint.

Jackson also filed a motion for an order to serve the Defendants pursuant to "Rule 4(E1)" of the Federal Rules of Civil Procedure. Jackson states that, on June 10, 2008, in case number 06CV9933, the state court entered an injunction prohibiting her from engaging

---

one to June 21, 2008 – a Saturday. Under the rule, Saturday June 21, 2008, and Sunday June 22, 2008, are excluded. As a result, Jackson would have until the end of June 23, 2008, to serve her summons and complaint.

in certain activities for four years.[2] In an affidavit, Jackson avers that, following the injunction hearing, she and Gerardo H. Gonzales ("Gonzales"), counsel for some of the defendants, had a telephone conversation during which Gonzales stated that if Jackson attempted to have the Defendants served with her federal complaint, Gonzales would have Jackson arrested, instruct his clients not to accept service, and file a counter suit against Jackson.

Jackson states that the injunction does not prohibit Jackson from having a law enforcement official serve the defendants with her federal complaint, and she intends to effect service by that means. However, Jackson would like the Court to allow her to serve the Defendants pursuant to "Rule 4(E1)" in the event that the Defendants try to elude service, or have other individuals sign for the summons or complaint that may result in a finding that the Defendants were served incorrectly.

Jackson raises anticipatory concerns regarding the Defendants' responses to the service of the summons and complaint in this action. While Jackson's summary of the

---

[2]Using the case number Jackson provided, the Court has accessed the Milwaukee County Circuit Court docket for Jackson's action. *See http://wcca.wicourts.gov* (last visited June 16, 2008). The Court takes judicial notice of the information contained in that public record. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *United States v. Doyle*, 121 F.3d 1078, 1088 (7th Cir. 1997). The Defendants in that action are UMOS, Nash, M. Wade, Seabrooks, Reed, Gross, Moss, Pippen, and Lampley. In relevant part, the docket entry for June 10, 2008, states:

> Motion for Injunction Granted and is effective until June 9th, 2012.
> 1. Respondent to cease or avoid harassment of petitioner.
> 2. Respondent to avoid the residence or any premises temporally occupied by the petitioner/victim.
> 3. The respondent is specifically prohibited from contacting or causing any person other than a party's attorney or law enforcement officer to contact the petitioner unless the petitioner consents in writing. Contact includes: contact at the petitioner's home, work, public places, in person, by phone, in writing, by electronic communication or device, or, by any other means.
> 4. See Injunction order in file for specifically prohibited conduct.

The docket indicates that the action is scheduled for a three-day jury trial commencing June 25, 2008. Milwaukee County Circuit Court Judge Michael B. Brennan is presiding over Jackson's state court action.

conversation provides support for her concerns, her motion seeks relief from events which have not and may not transpire. At this juncture of the proceedings, Jackson's motion to serve the Defendants under "Rule 4(E1)" is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Jackson's motion for leave to file an amended complaint (Docket No.4) is **DENIED**.

Jackson's motion for additional time to serve the summons and complaint (Docket No. 7) is **GRANTED**. Jackson may serve the summons and complaint upon the Defendants through **July 28, 2008.**

Jackson's motion to serve the Defendants under "Rule 4(E1)" (Docket No. 9) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of June, 2008.

**BY THE COURT**

/s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**